UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

| | |
|---|---|
| TENNESSEE RIVERKEEPER, INC. )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>THE CITY OF LAWRENCEBURG )<br>    Defendant. ) | Case No. 1:20-cv-00052<br>Judge Campbell<br>Magistrate Judge Holmes |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's motion for leave to file a first amended answer to assert affirmative defenses of mootness and res judicata based on a consent order and assessment between Defendant and the Tennessee Department of Environment and Conservation ("TDEC"). (Docket No. 44.) Plaintiff has responded in opposition (Docket No. 46), and Defendant has replied. (Docket No. 48.) For the reasons that follow, Defendant's motion (Docket No. 44) will be DENIED.

### I. Background

Familiarity with this case is presumed and only those underlying facts and procedural history necessary to give context to or explanation of the Court's ruling are recited here.[1] On April 28, 2021, the Court entered an initial case management order that set a deadline of October 29, 2021 for motions to amend or to add parties. (Docket No. 28.) No motions to amend were filed by this deadline. Nor were any motions filed to extend the deadline prior to its expiration.

On April 7, 2022, Defendant filed a motion for leave to file a first amended answer to include additional affirmative defenses of mootness and res judicata based on a consent order and assessment that Defendant and TDEC entered into on January 11, 2022 (the "January consent order"). (Docket

---

[1] These facts are taken from the record, and unless otherwise noted, are largely undisputed.

No. 45-1.) Defendant argues that the timing of the January 2022 consent order constitutes good cause under Rule 16(b) for an amendment of Defendant's answer after expiration of the October 29, 2021 amendment deadline. Defendant further argues that the liberality contemplated by Rule 15 justifies the amendment. Not surprisingly, Plaintiff disagrees.

## II. Legal Standards

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Typically, motions for leave to amend are considered under the deferential standard of Federal Rule of Civil Procedure 15(a)(2), which directs that the court "should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2).[2] Under that standard, the district court has substantial discretion and may deny a motion for leave "based on undue delay, bad faith or dilatory motive or futility of amendment." *Pedreira v. Ky. Baptist Homes for Children*, 579 F.3d 722, 729 (6th Cir. 2009). The court can also deny such a motion due to the "repeated failure [of the moving party] to cure deficiencies" or because of "undue prejudice" to the non-moving party. But, in general, the mandate that leave is to be "freely given . . . is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

However, "a different standard applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003)). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once the amendment deadline in the scheduling order has passed, the court can allow filing of an amended pleading only if the scheduling order is modified. "Despite the lenient standard of Fed. R. Civ. P. 15(a) with regard to amending the pleadings, a court may deny leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *J.H. by Harris v. Williamson Cty., Tennessee*, 2017 WL 11476336, at *2 (M.D. Tenn. May 18, 2017) (citing *Leary*, 349 F.3d at 906)). The purpose of this requirement, and its heightened standard, is "to ensure that at some point both the parties and the pleadings will be fixed," subject only to modification upon a showing of good cause. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003), *quoting* Fed. R. Civ. P. 16, 1983 advisory committee's notes (internal quotation marks omitted); *see also Pizella v. E.L. Thompson Assocs., LLC*, 2019 WL 10960444, at *1 (M.D. Tenn. Aug. 22, 2019); *Stewart v. King*, 2011 WL 237678, at *4 (M.D. Tenn. Jan. 24, 2011) (citing *Leffew v. Ford Motor Co.*, 258 F. App'x 772, 777 (6th Cir. 2007).

---

[2] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

The "good cause" requirement is a "threshold that requires late-moving litigants to show that "despite [their] diligence [they] could not meet the original deadline." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Courts determine good cause by measuring the movant's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002). Further, in considering "good cause," the court must also take into account – as one "consideration that informs" the analysis – whether the non-movant would be prejudiced by the amendment and the modification of the scheduling order. *Korn*, 382 F. App'x at 450.

Even if no prejudice is evident, a movant must still explain why the amendment was not sought "at a time that would not have required a modification of the scheduling order." *Korn*, 382 F. App'x at 450. Where a moving party's explanation for delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend. *Id.*; *see also Commerce Benefits Group v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). Only if the movant establishes "good cause" for an extension of the amendment deadline does the court proceed to the more permissive Rule 15(a)(2) analysis. *Commerce Benefits*, 326 F. App'x at 376.

### III. Analysis

Defendant's motion relies primarily on the fact that the consent order with TDEC was not entered into until January 2022. (Docket No. 45 at 3.) ("Because the Consent Order was issued in January 2022, Defendant could not have met the original deadline to seek leave to amend its answer.") In response, Plaintiff asserts that Defendant has known of a potential consent agreement since at least February of 2020, when TDEC reportedly contacted Defendant's counsel "about the overflows and discussed a moratorium." (Docket No. 46 at 1.) Defendant's counsel notified Plaintiff's counsel of

4

this communication in October of 2020 and further "stated that a consent order was in process but offered no details or corroboration." (*Id*.) Plaintiff asserts that Defendant failed to timely seek leave to amend despite knowing about the prospect of a consent order by October 2020, if not by February 2020. Defendants reply that Plaintiff will not be prejudiced by the amendment because Plaintiff was put on notice in October 2020 that "Defendant was in the process of negotiating a consent order with TDEC." (Docket No. 48 at 3.)

There is no dispute about the recited events, but they do not satisfactorily explain why Defendant did nothing earlier to request additional time for amendment pending finalization of a consent order. And that is fatal to Plaintiffs' instant request. *See Zwick Partners, LP v. Quorum Health Corp.*, 394 F.Supp.3d 804, 814 (M.D. Tenn. 2019) (rejecting similar rationale where plaintiff stood "mute" as to why "there was such a delay" in notifying the Court as to newly discovered evidence); *see also J.H. by Harris v. Williamson County*, 2017 WL 11476335, at *3-4 (M.D. Tenn. Feb. 24, 2017) (untimely motion for leave to amend denied because plaintiff had "enough information available sufficiently in advance of the amendment deadline to timely request an extension).

The Court finds most persuasive Judge Trauger's memorandum opinion and order in *J.H. v. Williamson County, Tennessee*, Case No. 3:14-2356 at Docket No. 187 (March 23, 2017), in which she noted that the moving party's excuses for why leave to amend was not timely sought "focused on the wrong question" because the proper issue is whether the moving party has "good cause for failing to request that the scheduling order be extended." *Id*. at 3. Defendant's own filings acknowledge that "as early as October 2020 … Defendant was in the process of negotiating a consent order with TDEC." (Defendant's reply, Docket No. 48 at 3.) Additional communications between the parties' counsel regarding the prospect of a consent order continued through July and August of 2021, well before the October 29, 2021 amendment deadline. (Docket Nos. 48-1 through 48-3.)

5

As Judge Trauger noted in *J.H. v. Williamson County* – and as is true here – even if the moving party is not completely "ready" to file the proposed amended pleading by the deadline, that party, in this case Defendant, "could easily have sought relief from the deadline" before it expired. *Id*. Defendant certainly could have sought relief from the amendment deadline before six months after its expiration had passed, during which time other case management events were also cut off by intervening deadlines. Even if Defendant had strategic or other reasons for not seeking leave to amend before the consent order was finalized, Defendant should have asked for more time to amend, but it did not. Defendant has failed to demonstrate that with due diligence they could not have sought an extension of the amendment deadline before it expired. *Moore v. Indus. Maint. Serv. Of Tenn.*, 570 F. App'x 569, 577 (6th Cir. 2014) (plaintiffs failed to demonstrate good cause under Rule 16(b) because they gave no explanation for why they did not seek extension of deadline that did not expire for 20 more days).

Under Rule 16, courts may also deny leave to amend where allowing amendments would be prejudicial to the opposing party. *Garza v. Lansing Sch. District*, 972 F.3d 853, 879 (6th Cir. 2020). Any amendment at this late stage would also be prejudicial. The Sixth Circuit has found that prejudice exists where the deadline for filing dispositive motions and trial are imminent and factual discovery has largely been completed. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *see also Zwick*, 394 F. Supp. 3d at 814. Here, the deadline to complete written fact discovery and witness depositions expired on March 4, 2022 (after an extension). Multiple depositions were conducted during the discovery period. Plaintiff's expert witness disclosures and reports were cut off as of March 25, 2022 (also after an extension). Allowing Defendant's requested amendment at this time would derail the case management schedule and leave very little time for any additional time for fact or expert discovery before the dispositive motion deadline, which also impacts the trial date. This not

6

only impacts the finality of this case, but is prejudicial to Plaintiff, which complied with factual and expert discovery deadlines. *See Clark v. Ascend Fed. Credit Union*, 2009 WL 10698403, at *3 (M.D. Tenn. Jan. 8, 2009).[3]

Accordingly, having reviewed Defendant's proposed amendment and the record, the Court concludes that Defendant has not shown good cause, and that its lack of diligence and potential resulting prejudice to Plaintiff weigh against extending the amendment deadline in the scheduling order under Rule 16(b). Because Defendant has not demonstrated good cause, the Court does not reach Defendant's arguments for relief under Rule 15(a)(2).

### IV. Conclusion

For the foregoing reasons, Defendant's motion for leave to amend its answer to include additional affirmative defenses (Docket No. 44) is denied.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[3] The Court is unpersuaded by Defendant's arguments that there is no prejudice to Plaintiff because Plaintiff purportedly had some general knowledge of a prospective consent agreement between Defendant and TDEC. Defendant's own filings demonstrate that Plaintiff diligently followed up on the status of the consent order. (Docket No. 48-1 and 48-2.) That Defendant provided only the barest possible details of a likely eventual consent order is not because of any lack of diligence of Plaintiff.