| | | |
|---|---|---|
| TENNESSEE RIVERKEEPER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:20-0052 |
| LAWRENCEBURG UTILITY SYSTEMS, | ) | Campbell/Holmes |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE AND AGREED ORDER OF DISMISSAL WITHOUT PREJUDICE

### I.  STIPULATIONS

The City of Lawrenceburg ("the City") discharges treated wastewater from Outfall 001 of its publicly-owned treatment works to Shoals Creek at Mile 55.4 under a permit issued by the Tennessee Department of Environment and Conservation ("TDEC") under National Pollutant Discharge Elimination System ("NPDES"), Permit No. TN0022551 ("Permit").  The publicly owned treatment works consists of the wastewater treatment system and a collection system consisting of sewer pipes, pump stations and other collection lines.

Tennessee Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated June 10, 2020 and filed a complaint on September 9, 2020, under Section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that the City is in violation of certain Permit terms.

The City entered into a Consent Order and Assessment with the Tennessee Department of Environment and Conservation ("TDEC"), Case number WPC20-0091, on January 11, 2022 (the "TDEC Order").

Riverkeeper's complaint seeks declaratory and injunctive relief, imposition of civil penalties, and an award of litigation expenses, including attorney and expert fees. The City denies any and all of Riverkeeper's claims in its notice of intent to sue letter and complaint.

Solely for the purposes of this Consent Decree, the City and Riverkeeper (collectively, the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This Consent Decree, and any injunctive relief ordered within, applies solely to the City's wastewater discharges subject to the Permit.

4. This Consent Decree is a full and complete settlement and release of any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, costs, attorneys' fees or expenses, actions or causes of action of any nature whatsoever, either at law or in equity, known or unknown, fixed or contingent, which Riverkeeper may have against the City and its respective affiliates, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents arising from, or related to, the discharge of wastewater subject to the Permit and/or the acts, facts, or transactions described or alleged in Riverkeeper's notice of intent to sue letter and complaint. Upon entry of this Consent Decree by the Court, this case shall be dismissed without prejudice. Upon termination of this Consent Decree, Plaintiff's claims shall be released with prejudice.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations. Neither this Consent Decree nor any payment pursuant hereto shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule or regulation.

6. **Terms and Conditions:** The requirements of this Consent Decree are as follows:

A. Lawrenceburg shall comply with the TDEC Order, attached and incorporated herein by reference as Exhibit 1.

B. Lawrenceburg shall contemporaneously provide Plaintiff with any copies of any filings or submissions given to TDEC in accordance with the TDEC Order, Ex. 1. C.

C. Lawrenceburg shall identify each manhole and pump station with a unique identifier which may be a number, a combination of letters, a name, or any combination of these.

D. Lawrenceburg shall record the exact GPS location, with latitude and longitude, of each manhole and pump station.

E. Lawrenceburg shall create a legible map with each manhole and pump station identified.

F. Lawrenceburg shall give the unique identifier on every overflow, sanitary sewer overflow, dry weather overflow, release, upset or bypass reported to TDEC.

G. Lawrenceburg shall give the location with latitude and longitude on every overflow, sanitary sewer overflow, dry weather overflow, release, upset or bypass reported to TDEC, in full compliance with Section 1.3.5. of its NPDES Permit.

H. Lawrenceburg shall fully and strictly comply with all reporting requirements of its NPDES Permit, including but not limited to Section 1.3.5.

I. Lawrenceburg shall file TDEC mandated Report of Operation of Wastewater Collection System as required by TDEC, indicating whether the incident is a release or an overflow which makes it to any waters. (regardless of whether Lawrenceburg believes the waters are Waters of the United States and/or the State).

J. Failure to comply with any of the requirements of this Consent Decree is a violation of this Consent Decree for which Riverkeeper may take enforcement action.

7. **Force Majeure:** "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of the City that delays or prevents the performance of any obligation under this Consent Decree despite the City's best efforts to fulfill the obligation.

8. **Attorney Fees and Costs:** The City shall pay Riverkeeper's attorney fees and costs in the total amount of $105,438.00. This payment shall be in full and complete satisfaction of any claims Riverkeeper may have under the CWA for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Riverkeeper that have or could have been claimed now or in the future in connection with Riverkeeper's claims, up to and including the entry of this Consent Decree. Such payments shall be made by check payable to "Tennessee Riverkeeper and Mark E. Martin" and mailed to its attorney, Mark E. Martin at the address below in Paragraph 11, below within 15 days of entry of the Consent Decree. The payment of the above stated amount as part of the compromise and settlement is meant to be a total amount of investigative, expert and attorney fees and cost incurred in this matter.

9. **Retention of Jurisdiction/Dispute Resolution:** This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to this Court for any further order or relief that may

be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: (1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and (2) within thirty (30) calendar days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) calendar days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. 1365(d), but the Parties otherwise reserve all rights and arguments concerning the right to and the allocation of attorneys' fees and costs in connection with the resolution of any such dispute.

    10.    The obligations set forth in this Consent Decree shall terminate upon:

        (a)    The completion of the CS-CAP/ER,

        (b)    Filing of the Final Report (in compliance with ¶13 of the TDEC Order),

        (c)    The City achieving substantial compliance with the Permit,

        (d)    Payment of all civil penalties imposed under the TDEC Order, and

        (e)    Closure by TDEC of the TDEC Order and underlying enforcement action (WPC20-0091).

    11.    All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other

addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three (3) business days after mailing:

|  |  |
|---|---|
| **For Riverkeeper:** | **For Lawrenceburg:** |
| Mark E. Martin<br>P.O. Box 1486<br>Oneonta, AL 35121<br>mmartin@markemartin.com | Larry L. Cash<br>Carlos C. Smith<br>MILLER & MARTIN PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, TN 37402<br>Phone: (423) 756-6600<br>*Larry.cash@millermartin.com*<br>*Carlos.smith@millermartin.com*<br><br>Ryan P. Durham<br>Cameron Hoffmeyer<br>BOSTON, HOLT & DURHAM<br>P.O. Box 357<br>Lawrenceburg, TN 38464<br>Phone: (931) 762-7067<br>*rdurham@bhsdlaw.com*<br>*choffmeyer@bhsdlaw.com* |

12. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

13. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

14. If any term, covenant, or condition of this Consent Decree is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision included in this Consent Decree.

15. If for any reason the Court or the United States should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion

6

Case 1:20-cv-00052   Document 80   Filed 12/20/23   Page 6 of 8 PageID #: 1103

of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court or the United States to entry of this Consent Decree.

16. Each party shall, at the request of the other, execute, acknowledge, and deliver whatever additional documents, and do such other acts, as may be reasonably required in order to accomplish and/or carry out the intent, spirit, and purposes of this Consent Decree.

17. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) calendar days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, no later than five (5) calendar days after the filing of this proposed Consent Decree by the Parties, Riverkeeper shall serve copies of this Consent Decree via certified mail, return receipt requested, upon the Administrator of the U.S. EPA and the U.S. Attorney General. Riverkeeper shall provide copies of the return receipts to the Court upon receipt by Riverkeeper.

DATED this 20th day of December, 2023.

IT IS SO ORDERED.

_____
United States District Judge

PREPARED FOR ENTRY BY:

Mark E. Martin
P.O. Box 1486
Oneonta, AL 35121
Telephone: (205) 516-9350
mmartin@markemartin.com

Larry L. Cash
Carlos C. Smith
Jenna W. Fullerton
Russ Swafford

MILLER & MARTIN PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402
Phone: (423) 756-6600
*Larry.cash@millermartin.com*
*Carlos.smith@millermartin.com*
*Jenna.fullerton@millermartin.com*
*Russ.swafford@millermartin.com*

Ryan P. Durham
Cameron Hoffmeyer
BOSTON, HOLT & DURHAM
P.O. Box 357
Lawrenceburg, TN 38464
Phone: (931) 762-7067
*rdurham@bhsdlaw.com*
*choffmeyer@bhsdlaw.com*

                    */s/ Elizabeth A. Alexander*
                    Elizabeth A. Alexander